IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BAILEY,

    Petitioner,                    No. 2:09-cv-1856 GEB KJN P

    vs.

KEN CLARK,

    Respondent.              ORDER

                                  /

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's December 28, 2009 and February 18, 2010 motions to compel discovery. Dkt. Nos. 24, 32.

II. <u>Background</u>

        This action proceeds on the original petition filed on June 26, 2009. On January 28, 2000, petitioner was sentenced to two indeterminate state prison terms of twenty-five years to life. Two prior strike convictions were used to enhance petitioner's January 2000 sentence, including a January 1986 burglary conviction, A703991. In the instant petition, petitioner does not challenge his 2000 conviction. Instead, he contends that the 1986 conviction, where he pled guilty, was illegally obtained and was therefore improperly used to enhance the 2000 sentence.

On September 28, 2009, respondent filed a motion to dismiss the petition for being filed after the expiration of the statute of limitations. Dkt. No. 15. Rather than filing an opposition to the motion to dismiss, petitioner filed the instant motions to compel, arguing that he needs certain discovery to adequately respond to the motion to dismiss.

Petitioner requests the plea, arraignment and sentencing transcripts from the 1986 case where he pled guilty, A703991.[1] Respondent first indicated that the plea transcript was part of the lodged documents connected to the motion to dismiss and then realized that the document had been misidentified and was a different transcript on a different case that simply discussed the 1986 conviction. Respondent's Opposition to Motion to Compel.

However, after reviewing the lodged documents, it appears to the court that Lodged Document 9 may be the plea transcript for case A703991. The cover page of the transcript states No. A703991 and the body of the transcript states that petitioner is pleading guilty to Information A703991. Accordingly, the court will annex Lodged Document 9 to this order, for petitioner to review.

II. Analysis

Discovery is not permitted as of right in habeas corpus proceedings. Bracy v. Gramley, 520 U.S. 899, 904 (1997); see Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993). Rather, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Whether a petitioner has established "good cause" for discovery requires the court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

---

[1] Petitioner argues that he was not competent to enter the plea in 1986 and his counsel at that time was ineffective.

To the extent that petitioner requests additional discovery, and if Lodged Document 9 is not what petitioner seeks, the request for discovery is denied. While the discovery petitioner requests may be related to petitioner's underlying claims, petitioner has failed to set forth any facts or arguments concerning how the discovery would aid in responding to the motion to dismiss regarding the statute of limitations. Petitioner did not file his federal habeas petition until eight years after the statute of limitations expired. No state habeas petitions were filed until six years after the statute of limitations expired.

Nor has petitioner set forth any arguments why he has waited near twenty-four years to request the transcripts from the 1986 case. The court also notes that it appears petitioner reviewed the plea transcripts in question prior to sentencing in the January 2000 case. Attached to petitioner's motion to compel is a portion of a transcript from January 28, 2000, which indicated that petitioner obtained transcripts from a prior case and after reviewing them, petitioner stated that he had exercised his rights in the correct way in the prior case. December 28, 2009 Motion to Compel, Exh. B. While it is not entirely clear if this reference concerns the 1986 plea, it appears from petitioner's pleadings that he had reviewed the relevant plea transcripts at some point in 2000.

Regardless, after reviewing petitioner's allegations and his proposed discovery, the court finds that good cause does not exist to compel discovery at this time. Petitioner shall reply to the motion to dismiss, and if the case is not dismissed the court will consider at a future date petitioner's request for additional discovery.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's December 28, 2009 (Dkt. No. 24) and February 18, 2010 (Dkt. No. 32) motions be denied without prejudice.

2. Petitioner is granted 21 days from the date of service of this order to file an opposition to the motion to dismiss. Failure to file an opposition may result in a recommendation that this action be dismissed.

3. Respondent may file a reply to petitioner's opposition within 14 days of petitioner filing an opposition. Respondent is not obligated to file a reply.

DATED: April 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bail1856.mtc

EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
BRIAN G. SMILEY, State Bar No. 180658
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5286
 Fax: (916) 324-2960
 E-mail: Brian.Smiley@doj.ca.gov
*Attorneys for Respondent*

**RECEIVED**

SEP 29 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES BAILEY,**<br><br>Petitioner,<br><br>v.<br><br>**KEN CLARK,**<br><br>Respondent. | 2:09-cv-1856-JFM (HC)<br><br>**DOCUMENT TO BE LODGED** |

Document 9 – Plea transcript filed in Los Angeles County Superior Court case number A703991

*Prior # 1 alleged on information*
*First Degree Burg*
*Rights advised pgs 3-6*
*Plea of Guilty - page 8:21*

RETURN DATE: JANUARY 2, 1986

[Lodged JAN 28]

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NV F             HON. ROBERT D. FRATIANNE, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                        PLAINTIFF,     )
                                       )
    VS.                                ) NO. A703991
                                       )
JAMES EDWARD BAILEY, JR., AKA          )
WILLIAM BAILEY, JR.,                   )
                                       ) PLEA
                        DEFENDANT.     )
_____)

SAN FERNANDO, CALIFORNIA; THURSDAY, DECEMBER 5, 1985

10:04 A.M.

UPON THE ABOVE DATE, THE DEFENDANT BEING PRESENT, REPRESENTED BY A. BUDDE, DEPUTY PUBLIC DEFENDER; THE PEOPLE BEING PRESENT AND REPRESENTED BY K. BARSHOP, DEPUTY DISTRICT ATTORNEY, THE FOLLOWING PROCEEDINGS WERE HELD:

(MERLE SANDERS, CSR NO. 907, OFFICIAL REPORTER.)

1

```
 1              THE COURT:  JAMES EDWARD BAILEY, JR.
 2              MR. BUDDE:  YES, YOUR HONOR.  IN THIS CASE, WE
 3    HAVE BEEN DISCUSSING A DISPOSITION.  THE DISTRICT
 4    ATTORNEY IS OFFERING MR. BAILEY FOUR YEARS, WHICH I
 5    THINK THEY WOULD PROBABLY BE LENIENT ENOUGH PRESENTING
 6    IT AS A FOUR-YEAR LID.
 7              MR. BAILEY THINKS THAT IS TOO MUCH TIME.
 8    HE WANTS TO AT LEAST HAVE A HOPE FOR A LOW TERM OF TWO
 9    YEARS.  HE IS ASKING THE COURT TO INDICATE THAT THERE
10    MAY BE SUCH A POSSIBILITY BEFORE HE PLEADS.
11              THE COURT:  TELL YOU WHAT.  TODAY A FOUR-YEAR
12    LID -- LET ME SEE.
13              MR. BUDDE:  WELL, THE COURT SHOULD BE AWARE THAT
14    HE IS ON PAROLE, CYA PAROLE.
15              THE COURT:  I SEE THAT.
16              MR. BARSHOP:  AND ON PROBATION.
17              THE DEFENDANT:  I'M ON PROBATION.
18              THE COURT:  WELL, I CAN'T GUARANTEE YOU TWO
19    YEARS, MR. BAILEY.  I CAN GUARANTEE YOU A FOUR-YEAR
20    LID, WHICH IS THE MID-TERM.  IF THERE IS ANY MITIGATING
21    CIRCUMSTANCE IN YOUR PROBATION REPORT, I WILL CONSIDER
22    THE TWO YEARS, BUT AT THIS POINT THIS IS A FIRST DEGREE
23    BURGLARY.
24              I DON'T KNOW WHAT YOUR BACKGROUND IS.  I
25    DON'T KNOW WHAT IS PENDING AS FAR AS YOUR PROBATION IS
26    CONCERNED.
27              IF YOU WANT TO PLEAD NOW, FOUR YEAR LID,
28    IT IS UP TO YOU, SIR.  I'M NOT GOING TO COERCE YOU IN
```

1 | ANY WAY.

2 | THE DEFENDANT: YES, YOUR HONOR.

3 | THE COURT: WHAT?

4 | THE DEFENDANT: I'LL PLEAD GUILTY.

5 | THE COURT: ALL RIGHT. YOU UNDERSTAND THAT THE

6 | MAXIMUM YOU COULD RECEIVE AS FAR AS SENTENCING IN THIS

7 | CASE IS FOUR YEARS? THERE IS A POSSIBILITY THAT YOU CAN

8 | RECEIVE TWO YEARS BASED UPON YOUR PROBATION REPORT.

9 | DO YOU UNDERSTAND THAT?

10 | THE DEFENDANT: YES.

11 | THE COURT: GIVE YOU CREDIT FOR TIME YOU HAVE

12 | SERVED, AND CREDIT FOR GOOD TIME, ALSO.

13 | ALL RIGHT. BEFORE WE TAKE YOUR PLEA, YOU

14 | HAVE SOME CONSTITUTIONAL RIGHTS THAT YOU HAVE TO BE

15 | ADVISED OF. THE DEPUTY DISTRICT ATTORNEY IS GOING TO

16 | DO THAT. YOU HAVE TO GIVE UP AND WAIVE THOSE RIGHTS.

17 | DO YOU UNDERSTAND THAT, SIR?

18 | THE DEFENDANT: YES.

19 | THE COURT: THANK YOU.

20 | MR. BARSHOP: MR. BAILEY, YOU ARE CHARGED IN

21 | INFORMATION A703991 WITH ONE COUNT, A VIOLATION OF

22 | PENAL CODE SECTION 459, BURGLARY. IT IS BURGLARY OF A

23 | RESIDENCE, THUS BURGLARY IN THE FIRST DEGREE.

24 | YOUR ATTORNEY HAS INDICATED THAT YOU WISH

25 | TO ENTER A PLEA OF GUILTY TO THIS CHARGE. BEFORE YOU

26 | CAN DO SO, YOU HAVE CERTAIN CONSTITUTIONAL RIGHTS WHICH

27 | YOU HAVE TO UNDERSTAND AND GIVE UP.

28 | YOU HAVE THE RIGHT TO HAVE A JURY TRIAL.

```
 1   A JURY TRIAL IS WHERE TWELVE PEOPLE FROM THE COMMUNITY
 2   LISTEN TO THE EVIDENCE TO DETERMINE WHETHER YOU ARE
 3   GUILTY OR NOT.
 4            DO YOU UNDERSTAND WHAT A JURY TRIAL IS,
 5   SIR?
 6        THE DEFENDANT:  YES.
 7        MR. BARSHOP:  AND DO YOU GIVE UP THAT RIGHT?
 8        THE DEFENDANT:  YES.
 9        MR. BARSHOP:  YOU ALSO HAVE THE RIGHT TO HAVE A
10   COURT TRIAL.  THAT IS WHERE THE JUDGE ALONE LISTENS TO
11   THE EVIDENCE TO DETERMINE WHETHER YOU ARE GUILTY OR
12   NOT.
13            DO YOU UNDERSTAND WHAT A COURT TRIAL IS?
14        THE DEFENDANT:  YES.
15        MR. BARSHOP:  AND DO YOU GIVE UP THAT RIGHT?
16        THE DEFENDANT:  YES.
17        MR. BARSHOP:  YOU HAVE THE RIGHT TO CONFRONT AND
18   CROSS-EXAMINE THE WITNESSES AGAINST YOU.  WHAT THAT
19   MEANS IS THE PEOPLE'S WITNESSES WOULD TAKE THE WITNESS
20   STAND, YOU WOULD BE ABLE TO SEE WHO THEY ARE, AND YOUR
21   ATTORNEY WOULD HAVE THE OPPORTUNITY TO CROSS-EXAMINE
22   THEM, OR ASK THEM QUESTIONS.
23            SINCE THERE IS NOT GOING TO BE A TRIAL,
24   THE WITNESSES WILL NOT BE COMING FORWARD, THEY WILL NOT
25   BE TESTIFYING, AND YOUR ATTORNEY WILL NOT BE ASKING
26   THEM ANY QUESTIONS.
27            DO YOU UNDERSTAND YOUR RIGHT OF
28   CONFRONTATION AND CROSS-EXAMINATION?
```

```
 1          THE DEFENDANT:  YES.
 2          MR. BARSHOP:  AND DO YOU GIVE UP THIS RIGHT?
 3          THE DEFENDANT:  YES.
 4          MR. BARSHOP:  YOU HAVE THE RIGHT AGAINST SELF-
 5   INCRIMINATION.  WHAT THAT MEANS IS NO ONE COULD FORCE
 6   YOU TO SAY ANYTHING THAT MIGHT INCRIMINATE YOURSELF; NO
 7   ONE CAN FORCE YOU TO SAY ANYTHING WHATSOEVER.
 8                BY PLEADING GUILTY, YOU ARE IN FACT
 9   INCRIMINATING YOURSELF.
10                DO YOU UNDERSTAND YOUR RIGHT AGAINST
11   SELF-INCRIMINATION?
12          THE DEFENDANT:  YES.
13          MR. BARSHOP:  AND DO YOU GIVE UP THIS RIGHT?
14          THE DEFENDANT:  YES.
15          MR. BARSHOP:  THIS OFFENSE CARRIES WITH IT A
16   MAXIMUM PERIOD OF TIME IN STATE PRISON OF TWO, FOUR, OR
17   SIX YEARS.
18                DO YOU UNDERSTAND THAT?
19          THE DEFENDANT:  YES.
20          MR. BARSHOP:  HAVE THERE BEEN ANY THREATS MADE TO
21   YOU, OR ANYONE CLOSE TO YOU, IN ORDER TO MAKE YOU ENTER
22   THIS PLEA?
23          THE DEFENDANT:  NO, SIR.
24          MR. BARSHOP:  HAVE THERE BEEN ANY PROMISES, OTHER
25   THAN THE FACT THAT YOU WOULD RECEIVE NO MORE THAN THE
26   MID-BASE TERM OF FOUR YEARS FOR THIS OFFENSE?
27                THAT IS THE MAXIMUM THAT YOU WOULD RECEIVE
28   WOULD BE THE MID-BASE TERM OF FOUR YEARS.
```

```
 1              OTHER THAN THAT, HAVE THERE BEEN ANY
 2   PROMISES MADE TO YOU?
 3        THE DEFENDANT: COULD YOU EXPLAIN THAT AGAIN.
 4   I --
 5        MR. BARSHOP: THE MAXIMUM THAT YOU COULD RECEIVE
 6   IN THIS CASE WOULD BE THE MID-TERM OR FOUR YEARS. YOU
 7   WILL NOT RECEIVE THE HIGH TERM OF SIX YEARS.
 8        THE DEFENDANT: YES.
 9        MR. BARSHOP: YOU COULD RECEIVE THE LOW TERM;
10   THAT IS WITHIN THE DISCRETION OF THE COURT.
11              OTHER THAN THE PROMISE THAT YOU RECEIVE NO
12   MORE THAN THIS MID-BASE TERM, HAVE THERE BEEN ANY
13   PROMISES MADE TO YOU?
14        THE DEFENDANT: NO, SIR.
15        MR. BARSHOP: YOU UNDERSTAND THAT THIS OFFENSE,
16   THE LAW REQUIRES THAT YOU BE SENT TO STATE PRISON
17   UNLESS THERE ARE UNUSUAL CIRCUMSTANCES, AND IN THIS
18   CASE YOU WILL GO TO PRISON? YOU UNDERSTAND THAT?
19        THE DEFENDANT: YES.
20        MR. BARSHOP: IF YOU ARE ON PROBATION OR PAROLE
21   AT THIS TIME, THE ENTRY OF THIS PLEA COULD CAUSE A
22   VIOLATION OF THAT PROBATION OR PAROLE.
23              DO YOU UNDERSTAND THAT?
24        THE DEFENDANT: YES.
25        MR. BARSHOP: IF YOU ARE NOT A CITIZEN OF THE
26   UNITED STATES, THE ENTRY OF THIS PLEA COULD CAUSE YOUR
27   DEPORTATION FROM THE UNITED STATES, DENIAL OF
28   NATURALIZATION, OR KEEP YOU FROM EVER OBTAINING A GREEN
```

```
 1  CARD, WORKING PRIVILEGES.
 2              DO YOU UNDERSTAND THAT?
 3      THE DEFENDANT: YES.
 4      MR. BARSHOP: WHEN YOU ARE RELEASED FROM PRISON
 5  ON THIS CASE, YOU WILL BE PLACED ON A PERIOD OF PAROLE.
 6  IF YOU VIOLATE ANY OF THE TERMS AND CONDITIONS OF YOUR
 7  PAROLE, YOU COULD BE RETURNED TO STATE PRISON FOR ONE
 8  YEAR FOR EACH VIOLATION.
 9              DO YOU UNDERSTAND THAT, SIR?
10      THE DEFENDANT: YES.
11      MR. BARSHOP: THIS OFFENSE IS CONSIDERED A
12  SERIOUS FELONY UNDER THE LAW.
13              WHAT THAT MEANS IS IF YOU EVER ARE
14  CONVICTED OF ANOTHER SERIOUS FELONY, BECAUSE YOU STAND
15  CONVICTED OF THIS OFFENSE, THAT COULD ADD FIVE YEARS IN
16  STATE PRISON FOR THAT OFFENSE BECAUSE YOU STAND
17  CONVICTED OF THIS OFFENSE.
18      THE DEFENDANT: YES.
19      MR. BARSHOP: YOU UNDERSTAND THAT?
20      THE DEFENDANT: YES.
21      MR. BARSHOP: THE LAW REQUIRES THAT A RESTITUTION
22  FINE BE GIVEN. THAT IS, THE MINIMUM -- DEPENDING ON THE
23  AMOUNT OF LOSS OR THE AMOUNT OF DAMAGE, THE MINIMUM
24  AMOUNT IS $100; THE MAXIMUM AMOUNT IS $10,000. DEPENDS
25  ON WHAT THE AMOUNT OF LOSS IS, IF ANY, OR THE AMOUNT OF
26  DAMAGES, IF ANY. BUT THERE IS A MINIMUM AMOUNT OF $100.
27              DO YOU UNDERSTAND THAT?
28      THE DEFENDANT: YES.
```

```
 1          MR. BARSHOP:  DO YOU HAVE ANY QUESTIONS
 2   WHATSOEVER, MR. BAILEY?
 3          THE DEFENDANT:  NO, SIR.
 4          MR. BARSHOP:  DOES COUNSEL STIPULATE THERE IS A
 5   FACTUAL BASIS FOR THE PLEA?
 6          MR. BUDDE:  YES.
 7          MR. BARSHOP:  IS THE COURT SATISFIED WITH THE
 8   WAIVERS?
 9          THE COURT:  ALL RIGHT.  THE COURT FINDS A
10   KNOWING, INTELLIGENT WAIVER OF HIS RIGHTS.
11              READY TO ENTER A PLEA, MR. BAILEY?
12          THE DEFENDANT:  YES.
13          THE COURT:  THANK YOU.
14              ALL RIGHT.  TAKE THE PLEA.
15          MR. BARSHOP:  THANK YOU.
16              JAMES EDWARD BAILEY, JR., TO INFORMATION
17   A703991, WHICH CHARGES YOU WITH A VIOLATION OF PENAL
18   CODE SECTION 459, BURGLARY; FURTHER, IT IS BURGLARY OF
19   A RESIDENCE, THUS BURGLARY IN THE FIRST DEGREE, DO YOU
20   NOW PLEAD GUILTY OR NOT GUILTY?
21          THE DEFENDANT:  GUILTY.
22          MR. BARSHOP:  DOES COUNSEL JOIN IN THE WAIVERS,
23   CONCUR IN THE PLEA?
24          MR. BUDDE:  YES.
25          MR. BARSHOP:  PEOPLE JOIN IN THE WAIVER.
26          THE COURT:  THE COURT FINDS THE PLEA WAS FREELY
27   AND VOLUNTARILY MADE, WITH A FULL KNOWLEDGE AND
28   UNDERSTANDING OF THE CONSEQUENCES OF THE PLEA; THERE IS
```

```
 1  A FACTUAL BASIS FOR ACCEPTING IT; THAT THE DEFENDANT
 2  UNDERSTANDS THE NATURE AND THE CONSEQUENCES OF THE
 3  ENTRY OF THE PLEA.
 4           THE PLEA OF GUILTY MAY NOW BE RECORDED.
 5           MR. BUDDE, THE 28TH DAY IS JANUARY THE
 6  2ND.
 7      MR. BUDDE:  THAT'S FINE.
 8      THE COURT:  ALL RIGHT.  SIR, YOU ARE ORDERED BACK
 9  HERE JANUARY 2ND.
10
11           (PROCEEDINGS CONTINUED TO THURSDAY,
12            JANUARY 2, 1986.)
```

9

```
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                  FOR THE COUNTY OF LOS ANGELES
 3   DEPARTMENT NV F          HON. ROBERT D. FRATIANNE, JUDGE
 4
 5   THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                              )
 6                    PLAINTIFF,              )
                                              )
 7        VS.                                 ) NO. A703991
                                              )
 8   JAMES EDWARD BAILEY, JR., AKA            )
     WILLIAM BAILEY, JR.,                     )
 9                                            )
                      DEFENDANT.              ) REPORTER'S
10   _____) CERTIFICATE

11   STATE OF CALIFORNIA   )
                           ) SS.
12   COUNTY OF LOS ANGELES )

13
```

I, MARCETTA PONZIO, NOTE READER, DO HEREBY CERTIFY:

THAT I HAVE TRANSCRIBED THE STENOGRAPHIC NOTES OF MERLE SANDERS, CSR #907;

THAT THE FOREGOING PAGES 1 THROUGH 9, INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF SAID NOTES OF THE PROCEEDINGS REPORTED BY SAID MERLE SANDERS, CSR #907, IN DEPARTMENT NV F, ON THURSDAY, DECEMBER 5, 1985, IN THE ABOVE-ENTITLED MATTER.

DATED THIS 4TH DAY OF JANUARY, 2000.

_____
NOTE READER

10